IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD KARL HENDERSON, II, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | |
| OPERATION HOPE, INC., | * | |
| | * | |
| Defendant. | * | |

COMPLAINT:  CIVIL RIGHTS

I.  NATURE OF THE ACTION

1.

Plaintiff, Edward Karl Henderson, II, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

2.

This action seeks to redress and remedy acts of discrimination in employment against Plaintiff on the basis of race, sex, and religion and to redress and remedy acts of retaliation against Plaintiff for exercising his right to complain about and oppose discriminatory practices.

II.  JURISDICTION AND VENUE

3.

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and under Title 28 U.S.C. §§ 1331 (a), 1337, 1343 (3).

4.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) in that Plaintiff was employed by Defendant in the Northern District of Georgia, Plaintiff's employment records are maintained by the Defendant in the Northern District of Georgia, and the decisions adverse to Plaintiff's employment that are subject of this civil action were made in the Northern District of Georgia.

III. PARTIES

5.

Plaintiff, Edward Karl Henderson, II, is a citizen of the United States and a resident of Gwinnett County, Georgia. Plaintiff hereby submits himself to the jurisdiction of this Court.

6.

Defendant Operation HOPE, Inc. is a foreign non-profit corporation created under the laws of California and authorized, as of July 12, 2010, to transact business in Georgia by the Secretary of State and the Corporations Commissioner of the State of Georgia and can be served by delivering process to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7.

At all times relevant to this action, Defendant Operation HOPE, Inc., was an employer engaged in an industry affecting commerce within the meaning of Title VII §701 (b), (g), and (h).

IV. ADMINISTRATIVE PROCEDURE

8.

Pursuant to § 3 of the 1973 Reorganization Plan Number 1, 43 F.R. 19807, 92 Stat. 37881, all equal opportunity functions of the Civil Service Commission were transferred to the EEOC.

9.

Plaintiff timely filed a charge of discrimination with the EEOC as provided in Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII").

10.

On or about March 4, 2022, Plaintiff received a Determination and Notice of Rights, relating to Charge Number 410-2020-02340 from the Atlanta District Office of EEOC, and Plaintiff commenced this action within 90 days of his receipt of that Determination and Notice of Rights.

V. STATEMENT OF FACTS

11.

On or about October 2, 2017, Plaintiff, a Black male and devout Christian, began his employment with Defendant Operation HOPE, Inc., as the Senior Vice President for Development.

12.

Plaintiff's immediate supervisor was Mrs. Anita Ward, (White female), who was the President of Operation HOPE, Inc.

13.

Upon beginning his employment, Plaintiff assessed the overall functioning of the business development department. He then made a number of changes designed to overhaul and restructure the business development department. He also devised and recommended additional plans to

improve the functioning of the department. However, his recommendations were not implemented. Despite those recommendations not being implemented, Plaintiff continued to work toward meeting the fund-raising goals for his department.

14.

In the spring of 2018, the fund-raising goals for Plaintiff's department were abruptly and dramatically increased. Shortly thereafter, key vice president positions in his department that were essential to the success of his department were not filled. Other positions were moved to other departments and the moves were done in such a way as to prevent the revenue generated by those positions from being credited to Plaintiff's department. Plaintiff brought his concerns about these personnel and budgetary decisions to his immediate supervisor and to the attention of Ms. Rachael Doff, (White female), the Chief of Human Resources for Operation HOPE, to no avail.

15.

In March 2019, Plaintiff became aware of allegations of inappropriate sexual conduct in the Atlanta office building by a Black male employee. Plaintiff was concerned about the legal and public relations ramifications if the conduct became known and it appeared that the organization had allowed or failed to properly address the conduct, particularly as compared with actions that the organization had taken with respect to a similarly situated Black female employee.

16.

Beginning in March 2019, Plaintiff attempted to bring his concerns and complaints about the inappropriate sexual conduct and the disparity between the discipline meted out to the Black male employee who had engaged in the conduct and a similarly situated Black female employee to the attention of his immediate supervisor, Mrs. Ward. Because she continually denied Plaintiff's

requests for a meeting with her, Plaintiff again brought his concerns and complaints to the attention of Ms. Rachael Doff, (White female), the Chief of Human Resources for Operation HOPE.

17.

After Plaintiff brought his concerns and complaints to the attention of Ms. Doff, he started to come under constant attack. He was systematically excluded from important meetings. Positions and other budgetary requests that were essential to the success of his department were either not approved or the positions were shared with other departments despite the need for them to be full-time in his department.

18.

On or about August 2, 2019, Plaintiff was abruptly terminated from his position as the Senior Vice President for Development for Operation HOPE, Inc.

19.

On or about October 3, 2019, the Georgia Department of Labor issued a decision on Plaintiff's claim for unemployment benefits from Operation HOPE, Inc. In that decision, the Georgia Department of Labor concluded that "[Plaintiff was] not warned that [his] performance was about to cause [him] to lose [his] job"; that "[Plaintiff was] not told why [his] work was not acceptable"; that "[Plaintiff was] not given a chance to correct what was wrong"; and that "[t]he available facts show that [Plaintiff] did not deliberately fail to perform the duties for which hired."

COUNT I

DISCRIMINATION BASED ON RACE

20.

The preceding paragraphs are re-alleged and incorporated by reference herein.

21.

Defendant's conduct as alleged herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons; instead, they were pretextual having been concocted by the Defendant to hide the Defendant's discriminatory animus and to cover Defendant's racially discriminatory actions against Plaintiff. Furthermore, upon information and belief, Defendant's conduct was part of a pattern of removing Black males from positions of authority.

## COUNT II

## DISCRIMINATION BASED ON SEX

22.

The preceding paragraphs are re-alleged and incorporated by reference herein.

23.

Defendant's conduct as alleged herein constitutes discrimination based on sex in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons; instead, they were pretextual having been concocted by the Defendant to hide the Defendant's discriminatory animus and to cover Defendant's sexually discriminatory actions against Plaintiff. Furthermore, upon information and belief, Defendant's conduct was part of a pattern of removing Black males from positions of authority.

## COUNT III

## DISCRIMINATION BASED ON RELIGION

24.

The preceding paragraphs are re-alleged and incorporated by reference herein.

25.

Defendant's conduct as alleged herein constitutes discrimination based on religion in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons; instead, they were pretextual having been concocted by the Defendant to hide the Defendant's discriminatory animus and to cover Defendant's discriminatory actions against Plaintiff.

COUNT IV

RETALIATION

26.

The preceding paragraphs are re-alleged and incorporated by reference herein.

27.

Defendant's conduct as alleged herein constitutes retaliation and reprisal against Plaintiff because he engaged in activities protected by Title VII. The stated reasons for the Defendant's conduct were not the true reasons; instead, they were pretextual having been concocted by the Defendant to hide the Defendant's discriminatory animus and to cover Defendant's retaliatory actions against Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, and upon such hearing to:

1. Grant Plaintiff judgment against Defendant for back pay, liquidated damages, and other benefits of employment of which he has been deprived;

2. Grant Plaintiff immediate reinstatement to the position he would have occupied except for the discrimination complained of;

3. Permanently enjoin Defendant from engaging in actions of retaliation against Plaintiff;

4. Grant Plaintiff compensatory damages in an amount to be determined by the trier of fact;

5. Grant Plaintiff his attorney's fees, costs, and disbursements;

6. Grant Plaintiff a trial by jury on all issues triable; and

7. Grant such additional and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Bryndis W. Roberts*
Bryndis W. Roberts
Georgia Bar No. 390325
Attorney for Plaintiff Edward Karl Henderson, II
JENKINS & ROBERTS LLC
3427 Main Street
Post Office Box 87238
College Park, GA 30337
Telephone: 404-559-1539
Facsimile: 404-559-1541
E-mail: broberts@jenkinsroberts.com

Please serve:

Bryndis W. Roberts
JENKINS & ROBERTS LLC
3427 Main Street
Post Office Box 87238
College Park, GA 30337
Telephone: 404-559-1539
Facsimile: 404-559-1541
E-mail: broberts@jenkinsroberts.com